UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 95-028S |
| | : | CR No. 96-015S |
| DENNIS L. DUSSAULT | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

These matters have been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of these matters. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a revocation hearing was held on February 16, 2016, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions. He was released pending final sentencing before Chief Judge William E. Smith.

**Background**

On January 26, 2016, the Probation Office petitioned the Court for the issuance of a summons. On January 27, 2016, the District Court reviewed the request and ordered the issuance of a summons. Defendant appeared in Court for a revocation hearing on February 16, 2016 at which time he admitted to the following charges:

> **Defendant shall refrain from any unlawful use of a controlled substance.**
>
> Defendant tested positive for marijuana on July 29, 2014; February 4, 2015; February 11, 2015 and October 7, 2015. He tested positive for cocaine and marijuana on August 25, 2014; October 14, 2014;

> December 30, 2014; March 31, 2015; December 16, 2015; January 5, 2016 and January 14, 2016. He tested positive for cocaine on August 14, 2014; April 6, 2015 and July 20, 2015.
>
> **Participate in a program of mental health treatment as directed and approved by the Probation Office.**
>
> Defendant failed to attend mental health treatment at CODAC on October 5, 2015; November 16, 2015 and December 21, 2015.
>
> **Defendant shall participate in a program of substance abuse testing (up to seventy-two tests per year) as directed and approved by the Probation Office.**
>
> Defendant failed to report to the Probation Office to submit urine specimens on December 29, 2014; March 27, 2015; July 28, 2015; September 17, 2015; September 29, 2015; October 5, 2015; October 15, 2015; October 30, 2015; November 2, 2015; November 13, 2015; November 24, 2015; December 2, 2015; December 10, 2015; December 14, 2015; December 28, 2015; January 5, 2016; January 15, 2016 and January 20, 2016.
>
> **Defendant shall participate in a program approved by the Probation Office for substance abuse, which program may include testing to determine whether Defendant has reverted to the use of drugs or alcohol.**
>
> Defendant failed to attend substance abuse treatment at Bridgemark on August 25, 2015; January 5, 2016 and January 15, 2016.
>
> **Defendant shall participate in a manualized behavioral program as directed by the Probation Office. Such program may include group sessions led by a counselor or participation in a program administered by the Probation Office.**
>
> Defendant failed to attend MRT treatment at Bridgemark on September 1, 2015; September 15, 2015; October 27, 2015; November 10, 2015; December 22, 2015; January 12, 2016 and January 19, 2016.

As Defendant has admitted these charges, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Title 18 U.S.C. § 3583(e)(2) provides that if the Court finds that Defendant violated a condition of supervised release, the court may extend the term of supervised release if less than the maximum term was previously imposed. The maximum terms of supervised release were previously imposed, therefore, the terms cannot be extended.

Title 18 U.S.C. § 3583(e)(3) provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above stated maximums to arrive at the current remaining statutory maximum sentence. The maximum term of imprisonment for CR No. 95-028 is sixty months on Counts I and III and twenty-four months on Count II and the maximum term of imprisonment for CR No. 96-015 is twenty-four months.

Title 18 U.S.C. § 3583(h) and § 7B1.3(g)(2) provide that when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the

offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release for CR No. 95-028 is thirty-six months on Counts I and III and sixty months on Count II and for CR No. 96-015 is thirty-six months. There has not been any term of imprisonment previously imposed for violations of supervised release. Therefore, the Court may impose the above-noted statutory maximum, minus the term of imprisonment that is to be imposed for this revocation.

Section 7B1.1 of the United States Sentencing Guidelines ("USSG") provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) of the USSG provides that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device, or (B) any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) states that upon finding of a Grade C violation, the Court may revoke, extend, or modify the conditions of supervision. In this case, Defendant has committed

Grade C violations and the statutory maximum term of supervised release has already been imposed. Therefore, the court may not extend supervision, but may revoke or modify supervision.

Pursuant to § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. There is an outstanding restitution in the amount of $1,454.98.

Section 7B1.4(a) of the USSG provides that the Criminal History Category is the category applicable at the time the Defendant was originally sentenced. In this instance, Defendant had a Criminal History Category of IV at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed Grade C violations and has a Criminal History Category of VI. Therefore, the applicable range of imprisonment for this violation is eight to fourteen months for each case.

Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(1) states that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that the defendant has committed a Grade B or C violation, §7B1.3(c)(2) states that where the minimum term of

imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (b) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.  The second provision which allows for alternatives for any portion of the minimum term applies to this matter.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

Defendant commenced supervised release on July 2, 2014 after serving federal prison sentences exceeding twenty years.  He was convicted of firearms offenses in 1995 and sentenced by then Senior District Judge Francis Boyle as an armed career criminal.  He was also convicted of escaping from the Wyatt Detention Facility in early 1996 while held in pretrial detention.

Defendant is forty-nine years old and has a lengthy criminal history dating back to his youth. According to his presentence reports, he was raised in an abusive and chaotic environment and exhibits anti-social behaviors.  He also has a history of marijuana and cocaine abuse.

Upon his release, Defendant had the benefit of strong family support including a stable and comfortable residence and an employment opportunity.  While Defendant continues to reside with his family, he has squandered good employment opportunities and has reverted to substance abuse. He has tested positive for both marijuana and cocaine, missed drug tests and treatment appointments. In April 2015, Defendant was referred to residential treatment for his abuse of alcohol and cocaine

but left the program early in May 2015 against the advice of staff.  He has been argumentative and uncooperative with his Probation Officer.

Defendant has admitted to Grade C violations and the guideline range for incarceration is eight to fourteen months.  The Government argued for an eight-month sentence and termination of supervision.  The Government also vigorously argued for immediate incarceration.  Defendant's counsel asked for release and an opportunity to continue with mental health treatment.  Defendant complained that his prescription for a mental health drug was suspended.  However, the action was taken by his treatment provider and necessary for safety reasons because of Defendant's active use of cocaine at the time.  Defendant was released pending final sentencing to allow him to continue with treatment and attempt to improve his situation and compliance.

Defendant is nearly fifty years old and has spent more than half of his life behind bars.  Although he has reverted to illegal drug use, Defendant has not, to the Court's knowledge, returned to the criminal lifestyle that qualified him for career-offender status.  Thus, this Court is reluctant at this time to return Defendant to prison, but his noncompliance and poor behavior are unfortunately leading him in that direction.  It is evident that Defendant's mental health impairments and substance abuse are the root of his failures both in the employment setting and in dealing with Probation.  Defendant will likely not succeed unless he is able to properly manage these challenges.  He needs to engage in continued treatment.

As noted, Defendant was released pending final sentencing over the Government's strong objection.  He has been subject to home confinement with electronic monitoring since his initial appearance on this violation case on February 16, 2016.  As to sentence, I recommend that the Court consider two options at the time of final sentencing dependent on Defendant's compliance and

engagement in treatment. If Defendant does not improve, I recommend a three-month period of incarceration to be followed by a thirty-three month term of supervised release with his previously imposed conditions, to be served concurrently in both of his cases. Second, if Defendant does sufficiently improve, I recommend that his period on home confinement since February 16, 2016 be deemed a "time served" punishment in both cases and that he continue on his existing term of supervised release with his present conditions through its expiration date of July 1, 2019.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), I recommend that Defendant be sentenced to one of the alternatives outlined above.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. LR Cr 57.2; Fed. R. Crim. P. 59. Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 4, 2016